IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION

| | |
|---|---|
| ESVIN ROMEO GOMEZ-GOMEZ *<br>8757 Georgia Avenue, Suite 400 *<br>Silver Spring, Maryland 20910 *<br>*<br>    Plaintiff, *<br>*<br> v. *<br>*<br>SJS 9292, LLC *<br>d/b/a 9292 Korean BBQ *<br>7133 Little River Turnpike *<br>Annandale, Virginia 22003 *<br>*<br>SERVE:  James Kim *<br>7133 Little River Turnpike *<br>Annandale, Virginia 22003 *<br>*<br>And *<br>*<br>JAMES KIM *<br>7133 Little River Turnpike *<br>Annandale, Virginia 22003 *<br>*<br>    Defendants. * | Case No. _____ |

********************************************************************************

## COMPLAINT

Plaintiff Esvin Romeo Gomez-Gomez ("Plaintiff"), by and through undersigned counsel,

files suit against Defendants SJS 9292, LLC d/b/a 9292 Korean BBQ ("9292 BBQ") and its

primary owner and operator, James Kim, individually ("Mr. Kim") (together, "Defendants"), and

herein seeks recovery of unpaid wages, statutory damages, costs, and attorney's fees against

Defendants, jointly and severally, for violations of the Federal Fair Labor Standards Act

("FLSA") and Virginia law as set forth below.

## PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of Annandale, Virginia.

2.      Plaintiff's employment duties performed for the benefit of Defendants giving rise to the relief sought in this action occurred within Fairfax County, Virginia.

3.      9292 BBQ is a limited liability company, formed under the laws of the Commonwealth of Virginia, operating as a Korean-style barbeque restaurant and eatery within Fairfax County, Virginia.

4.      Mr. Kim is an adult resident of Fairfax County, Virginia.

5.      At all times relevant, Mr. Kim was the primary owner and managing member of 9292 BBQ.

6.      At all times relevant, Mr. Kim was the individual primarily responsible for administering and controlling the day-to-day operations of 9292 BBQ.

7.      At all times relevant, Mr. Kim was Plaintiff's most senior manager and supervisor.

8.      At all times relevant, Mr. Kim was the individual that set and supervised Plaintiff's work duties and work schedules.

9.      At all times relevant, Mr. Kim was the individual that set Plaintiff's rate and method of compensation and had the power and authority to modify Plaintiff's rate and method of compensation.

10.      At all times relevant, Mr. Kim had the power and authority to hire, fire, and otherwise subject Plaintiff to workplace discipline.

11.      At all times relevant, Mr. Kim was the individual in charge of keeping and maintaining all employment records related to Plaintiff.

12.      At all times relevant, Plaintiff and other employees of Defendants, in performing their job duties for Defendants, used food, goods, tools, and materials that traveled in interstate

2

commerce for the preparation and sale of food and beverages at Defendants' 9292 Korean BBQ restaurant that passed in interstate commerce.

13.    In each year relevant to this action, Defendants had gross annual sales or revenue exceeding $500,000.00.

14.    At all times relevant to this action, Defendants qualified as an "Enterprise Engaged in Commerce" as defined by the FLSA.

15.    At all times, Defendants, together, qualified as Plaintiff's "employers" and Plaintiff was Defendants' "employee" with rights, protections, and privileges under the FLSA, Virginia Minimum Wage Law, Virginia Overtime Law, and the Virginia Wage Payment Act.

16.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims as a "Federal Question" and properly confers supplement jurisdiction over Plaintiff's interrelated Virginia state law claims.

17.    Pursuant to the foregoing, jurisdiction and venue are proper in this Court.

## FACTS

18.    Plaintiff was employed by Defendants to work at Defendants' 9292 Korean BBQ restaurant and/or eatery in Fairfax County, Virginia, as a dishwasher/busboy during the period of about November 2021, through July 4, 2022.

19.    During the period of about November 2021 through about April 2022, Plaintiff customarily worked six (6) days per week, from 11:00 AM until 11:00 PM, with a one (1) hour break between 3:00 PM – 4:00 PM, and a second thirty (30) minute break between 9:00 PM and 9:30 PM, for an average of sixty-three (63) hours per week.

20.    During the period of about May 2022 through July 4, 2022, Plaintiff customarily worked six (6) days per week, from 12:00 PM until 12:00 AM, with a one (1) hour break at

about 4:00 PM, and a thirty (30) minute break around 10:00 PM, for an average of sixty-three (63) hours per week.

21.     At all times during Plaintiff's period of employment, Defendants had actual knowledge of all hours Plaintiff worked each week as herein alleged and suffered or permitted Plaintiff to work all hours alleged, including overtime worked each week over forty (40) hours.

22.     As to his compensation, Defendants paid Plaintiff two (2) times per month (or every fifteen (15) days) in a flat salary amount of $700.00, with the last two (2) checks reflecting a raise to $725.00 per pay period.

23.     Calculated as a regular hourly rate, Defendants paid Plaintiff at the hourly rate of $5.13 per hour and, at the end of his employment, $5.31 per hour.

24.     During the entire period of Plaintiff's employment, the Federal Minimum Wage was $7.25 per hour.

25.     During the period of Plaintiff's employment during the period November 2021 through December 2021, the Virginia Minimum Wage was $9.50 per hour.

26.     During the period January 2022, through July 4, 2022, the Virginia Minimum Wage was $11.00 per hour.

27.     At all times during Plaintiff's period of employment, Defendants were required to pay Plaintiff at the higher of the Federal or Virginia Minimum Wage for all non-overtime hours Plaintiff worked each week.

28.     At no time during Plaintiff's period of employment did Defendants pay Plaintiff for non-overtime hours worked each week at an hourly rate at least equal to the Federal or Virginia Minimum Wage.

29.     At all times during Plaintiff's period of employment, the FLSA required Defendants to pay Plaintiff at the time-and-one-half rate for overtime worked over forty (40) hours per week.

30.     At all times during Plaintiff's period of employment, the Virginia law required Defendants to pay Plaintiff at the time-and-one-half rate for overtime worked over forty (40) hours per week.

31.     At all times during Plaintiff's period of employment, Defendants paid Plaintiff his flay salary rate for all hours Plaintiff worked each week including overtime Plaintiff worked over forty (40) hours per week.

32.     At no time during Plaintiff's period of employment did Defendants pay Plaintiff for overtime worked over forty (40) hours per week at a premium overtime rate equal to the higher of one-and-one-half times Plaintiff's regular hourly rate or one-and-one-half times the higher of the Federal or Virginia Minimum Wage.

33.     At all times during the period of Plaintiff's employment, Defendants had actual knowledge of the Virginia and Federal Minimum Wage and Overtime compensation requirements.

34.     At all times during the period of Plaintiff's employment, Defendants had actual knowledge that the salary wages Defendants paid Plaintiff each week calculated to an hourly rate less than the applicable Federal and Virginia Minimum Wage.

35.     At all times during the period of Plaintiff's employment, Defendants had actual knowledge that Defendants failed to pay Plaintiff for overtime worked over forty (40) hours per week as required by Federal and Virginia law.

36.     At all times during the period of Plaintiff's employment, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff for all hours worked each week was in direct violation of the Federal and Virginia Minimum Wage and Overtime compensation requirements.

37.     Defendants owe Plaintiff unpaid minimum wage and overtime compensation in the amount of approximately Fifteen Thousand Five Hundred Dollars ($15,500.00).

38.     Defendants' failure to pay Plaintiff wages as required by Federal and Virginia law was willful, intentional, with actual knowledge of illegality, and was not the product of good faith efforts to comply with Federal or Virginia wage payment requirements.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FLSA)

39.     Plaintiff re-allege every allegation set forth above as if each were set forth herein.

40.     While in Defendants' employ, Plaintiff performed employment work duties for the benefit of Defendants, for which Defendants failed to compensate Plaintiff at the (i) applicable Federal Minimum Wage rate as required by the FLSA or (ii) at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

41.     Defendants' failure to pay Plaintiff wages at the (i) applicable minimum wage rate as required by the FLSA or (ii) at the time-and-one-half overtime wage rate as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally to Plaintiff for unpaid wages in the amount of $15,500.00 or such other amount as is proven at trial, plus statutory liquidated

damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
**(Violation of the Virginia Minimum Wage and Overtime Laws)**

42.     Plaintiff re-allege every allegation set forth above as if each were set forth herein.

43.     While in Defendants' employ, Plaintiff performed employment work duties in Fairfax County, Virginia, for the benefit of Defendants, for which Defendants failed to compensate Plaintiff at the (i) applicable Virginia Minimum Wage rate as required by the Virginia Code or (ii) at the time-and-one-half rate required by Virginia law for overtime Plaintiff worked over forty (40) hours per week.

44.     Defendants' failure to pay Plaintiff wages at the (i) applicable minimum wage rate as required by the Virginia Code or (ii) at the time-and-one-half overtime wage rate as required by Virginia law was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally to Plaintiff for unpaid wages in the amount of $15,500.00 or such other amount as is proven at trial, plus statutory liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
**(Violation of the Virginia Wage Payment Act)**

45.     Plaintiff re-allege and reassert every allegation set forth above as if each were set forth herein.

46.     Without legal excuse or justification, Defendants knowingly and intentionally withheld and failed timely to pay Plaintiff all earned wages due for work duties performed in

7

Fairfax County, Virginia, each pay period as described above and as required by the laws of the Commonwealth of Virginia.

47.     Defendants' knowing and intentionally failure to timely pay Plaintiff all earned wages due for employment work duties performed for Defendants' benefit within the Commonwealth of Virginia each pay period was with actual knowledge of illegality and was therefore willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $15,500.00 or such other amount as is proven at trial, plus statutory liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court appropriate

Respectfully submitted,

_____*/s/ Gregg C. Greenberg*_____
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*